IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL NO 37<br>HEALTH AND WELFARE FUND,<br>by Robert Holsey, Trustee<br>3615 North Point Boulevard, Suite C<br>Baltimore, Maryland 21222 | * <br> * <br> * | |
| OPERATING ENGINEERS LOCAL NO 37<br>PENSION FUND, by Robert Holsey, Trustee<br>3615 North Point Boulevard, Suite C<br>Baltimore, Maryland 21222 | * <br> * <br> * | CIVIL ACTION NO. _____ |
| OPERATING ENGINEERS LOCAL NO 37<br>SEVERANCE AND ANNUITY FUND,<br>by Robert Holsey, Trustee<br>3615 North Point Boulevard, Suite C<br>Baltimore, Maryland 21222 | * <br> * <br> * | |
| OPERATING ENGINEERS LOCAL NO 37<br>APPRENTICESHIP AND TRAINING FUND,<br>by Robert Holsey, Trustee<br>3615 North Point Boulevard, Suite C<br>Baltimore, Maryland 21222 | * <br> * <br> * | |
| INTERNATIONAL UNION OF OPERATING<br>ENGINEERS, LOCAL 37<br>3615 North Point Boulevard, Suite A<br>Baltimore, Maryland 21222 | * <br> * | |
| BALTIMORE BUILDING &<br>CONSTRUCTION TRADES COUNCIL<br>5913 Harford Road<br>Baltimore, Maryland 21214 | * <br> * <br> * | |
| CONSTRUCTION INDUSTRY<br>ADVANCEMENT PROGRAM, INC.<br>3615 North Point Boulevard, Suite C<br>Baltimore, Maryland 21222 | * <br> * | |
| Plaintiffs | * | |
| vs. | * | |

METRA INDUSTRIES, INC.                          *
50 Mueller Place
Little Falls, New Jersey  07424                 *

**SERVE ON:**                                   *
     <u>Resident Agent</u>
     CSC – Lawyers Incorporating           *
     Servicing Company
     7 St. Paul Street, Suite 820          *
     Baltimore, Maryland 21202
                                           *

AND

GARY EDWIN STIVALY, Individually                *
205 Carter Avenue
Point Pleasant Beach, New Jersey  08742-4118    *

     Defendants                            *

*     *     *     *     *     *     *     *     *     *     *     *     *

## <u>COMPLAINT</u>

## <u>INTRODUCTION</u>

1.      This is an action to: (a) enforce the terms of a collective bargaining agreement, (b) collect delinquent employer contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 <u>et</u> <u>seq</u>., (c) recover diverted employee wage deductions under the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Employ. Art., Sec. 3-501, <u>et</u> <u>seq</u>., and (d) enjoin future violations of the collective bargaining agreement, ERISA, and MWPCL.

## <u>JURISDICTION</u>

2.      This Court has subject matter jurisdiction of Counts I-IV pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and subject matter jurisdiction of

Counts V-VII pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

3. This Court has supplemental jurisdiction over Counts VIII-X, which assert matters so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367.

## **PARTIES**

4. Plaintiff Operating Engineers Local No. 37 Health and Welfare Fund ("Health Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the Health Fund, which joint board of trustees is the plan sponsor of the Health Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).  Operating Engineers Local No. 37 Vacation Fund, an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), merged into the Health Fund. Therefore, wage deductions for vacation benefits are paid to the Health Fund. The vacation deductions are in addition to required contributions for health and wealth benefits.

5. Plaintiff Operating Engineers Local No. 37 Pension Fund ("Pension Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002(2), and was established and is maintained by employers in an industry or activity

6838376.2 97097/105095 03/15/2019

affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.     Plaintiff Operating Engineers Local No. 37 Severance and Annuity Fund ("Annuity Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the Annuity Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Annuity Fund, which joint board of trustees is the plan sponsor of the Annuity Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.     Plaintiff Operating Engineers Local No. 37 Apprenticeship and Training Fund ("Training Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Robert Holsey is a duly appointed and authorized Trustee of the

- 4 -

Training Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Training Fund, which joint board of trustees is the plan sponsor of the Training Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

8.      Plaintiff International Union of Operating Engineers, Local 37 ("Union") is a labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, plaintiff Union is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

9.      Plaintiff Baltimore Building & Construction Trades Council ("Council") is a labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a).  Further, plaintiff Council is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

10.      Plaintiff Construction Industry Advancement Program, Inc. ("CIAP") is a corporation organized and existing under the laws of the State of Maryland and is an organization designed to facilitate and supplement the financing of legitimate construction industry and building trade activities.

6838376.2 97097/105095 03/15/2019

11.     Defendant Metra Industries, Inc. ("Metra") is a corporation that employs members of the Union to work on various projects in the mid-Atlantic area, including within this judicial district.

12.     Defendant Gary Edwin Stivaly is the president of Metra ("President"), and in his capacity as such, exercises authority and control respecting the unpaid employee fringe benefit contributions and diverted wage deductions owed to Plaintiffs, described herein.  Further, defendant President has substantial financial control over Metra.

## COLLECTIVE BARGAINING AGREEMENT

13.     At all times relevant to this action, Metra was subject to a collective bargaining agreement ("CBA") with the Union.  The CBA provides for the rates of pay, wages, hours of employment, and other conditions of employment for Metra's employees covered by said CBA.  The CBA specifically provides for the payment by Metra to the Health Fund, Pension Fund, Annuity Fund, and Training Fund of specified sums of money for each hour worked by each of Metra's employees covered by said CBA.  All payments are to be made by the 15th each month following the month in which the hours were worked, and such payments are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees and the amounts owed to each Fund.

14.     The CBA further provides for certain authorized deductions from the wages of Metra's employees. Specifically, union dues and Target contributions are to be deducted from employees' wages and remitted to the Union.  Contributions to the Council are to be deducted from employees' wages and remitted to the Council.

6838376.2 97097/105095 03/15/2019

15. The CBA further provides that Metra shall permit an audit of its wage and business records, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

16. The CBA further provides that Metra accepts the terms and provisions of the Agreement and Declaration of Trust ("Trust Agreement") for each plaintiff described in paragraphs 4-7 (collectively, "Benefit Funds"), and that such Trust Agreements are incorporated by reference into the CBA. The CBA further provides that Metra ratifies, confirms, approves, and consents to all of the lawful acts of the Trustees of the Benefit Funds to carry out the administration of the Benefit Funds. The Trust Agreements give the Trustees the power to make rules establishing procedures for the collection of delinquent contributions. In accordance with the Trust Agreements, the Trustees adopted Delinquency Procedures, under which the Trustees are authorized to estimate the amount of any unpaid monthly contributions by averaging the monthly payments owed by an employer for the last one, three, six, or twelve months for which payments were made, whichever average is greater. The Delinquency Procedures further provide that, in the event an employer is thirty days or more late in making a required contribution, and has failed to submit its regular remittance reports showing the employees and the hours for which contributions are due, the Trustees may (but are not obligated to) use projected monthly averages as estimates of the contributions due for the delinquent months and for subsequent delinquent months. Projected averages determined under the Delinquency Procedures may be used by the Trustees for purposes of any suit, and no other proof need be furnished by the Trustees to any court to compute the total payments due from an employer for all delinquent months.

## ERISA SECTION 502(g)

17.     Section 502(g) of ERISA, 29 U.S.C. §1132(g), requires the court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions.  The CBA provides that interest at the rate of eighteen percent (18%) per year applies to delinquent contributions to the Health Fund, Pension Fund, Annuity Fund, and Training Fund, and that liquidated damages in the amount of twenty percent (20%) will be assessed on the principal amount of such delinquent contributions payments.  The CBA also provides that an employer that is delinquent will be responsible for reasonable attorneys' fees and costs incurred in collecting the delinquent contributions.

## MARYLAND WAGE PAYMENT AND COLLECTION LAW

18.     Section 3-507.2 of the MWPCL, Md. Code, Lab. & Empl. Art., § 3-507.2, provides that if an employer fails to properly pay or deduct wages, an action may be brought against the employer, and the court may award an amount up to three times the amount owed, and attorneys' fees and costs.

### Count One
### ERISA Section 515 Claim of Health Fund Against Metra

19.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-18.

20.     Metra has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the Health Fund for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes contributions in

the amount of $9,867.30, liquidated damages in the amount of $1,973.46, and interest through March 13, 2019 in the amount of $434.37 for those months.

21.     In addition, Metra owes liquidated damages and interest from months prior to September 2018 that have not been paid.

22.     Based on the failure of Metra to pay employee fringe benefit contributions in a timely manner for prior months, the Health Fund believes that Metra will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Health Fund prays:

a.     That this Court order Metra to make all of its wage and business records available to the Health Fund's auditors to determine the exact amount owed for September 2018 through January 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Metra in the amount of $9,867.30 in unpaid contributions for the months of September 2018 through January 2019, liquidated damages in the amount of $1,973.46 for those months, and interest owed through March 13, 2019 in the amount of $434.37 for those months;

c.     That judgment be entered against Metra in the amount of $1,361.51 in liquidated damages and $416.69 in interest through December 18, 2018 on late-paid contributions for the months June through August 2018;

d.     That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

- 9 -

e.     That the Health Fund be afforded post-judgment interest, reasonable

attorneys' fees, and its costs;

f.     That Metra be ordered to comply with the terms of the CBA

regarding filing of the remittance reports and payment of contributions in the future; and

g.     That such other relief be granted as this Court deems just and proper.

**Count Two**
**ERISA Section 515 Claim of Pension Fund Against Metra**

23.     Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-22.

24.     Metra has failed and refused to file reports and pay the required employee

fringe benefit contributions due and owing to the Pension Fund for hours worked by Metra's

employees for the months of September 2018 through January 2019, and owes contributions in

the amount of $10,610.00 liquidated damages in the amount of $2,122.00, and interest owed

through March 13, 2019 in the amount of $467.06 for those months.

25.     In addition, Metra owes liquidated damages and interest from months

prior to September 2018 that have not been paid.

26.     Based on the failure of Metra to pay employee fringe benefit contributions

in a timely manner for the prior months, the Pension Fund believes that Metra will continue to

fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Pension Fund prays:

a.     That this Court order Metra to make all of its wage and business

records available to the Pension Fund's auditors to determine the exact amount owed for

September 2018 through January 2019, and any periods subsequent to the filing of this complaint

and prior to the entry of judgment;

b.      That judgment be entered against Metra in the amount of $10,610.00 in unpaid contributions for the months of September 2018 through January 2019, liquidated damages in the amount of $2,122.00 for those months, and interest owed through March 13, 2019 in the amount of $467.06 for those months;

c.      That judgment be entered against Metra in the amount of $1,464.00 in liquidated damages and $448.06 in interest through December 18, 2018 on late-paid contributions for the months June through August 2018;

d.      That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

e.      That the Pension Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

f.      That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

g.      That such other relief be granted as this Court deems just and proper.

### Count Three
### ERISA Section 515 Claim of Annuity Fund Against Metra

27.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-26.

28.      Metra has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the Annuity Fund for hours worked by Metra's

employees for the months of September 2018 through January 2019, and owes contributions in the amount of $5,305.00, liquidated damages in the amount of $1,061.00, and interest owed through March 13, 2019 in the amount of $233.53 for those months.

29.     In addition, Metra owes liquidated damages and interest from months prior to September 2018 that have not been paid.

30.     Based on the failure of Metra to pay employee fringe benefit contributions in a timely manner for the prior months, the Annuity Fund believes that Metra will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Annuity Fund prays:

a.     That this Court order Metra to make all of its wage and business records available to the Annuity Fund's auditors to determine the exact amount owed for September 2018 through January 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Metra in the amount of $5,305.00 in unpaid contributions for the months of September 2018 through January 2019, liquidated damages in the amount of $1,061.00 for those months, and interest owed through March 13, 2019 in the amount of $233.53 for those months;

c.     That judgment be entered against Metra in the amount of $732.00 in liquidated damages and $224.03 in interest through December 18, 2018 on late-paid contributions for the months June through August 2018;

d.     That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of

judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated

damages in the amount of twenty percent (20%) of the principal amount of such contributions;

        e.   That the Annuity Fund be afforded post-judgment interest, reasonable

attorneys' fees, and its costs;

        f.   That Metra be ordered to comply with the terms of the CBA regarding

filing of the remittance reports and payment of contributions in the future; and

        g.   That such other relief be granted as this Court deems just and proper.

**Count Four**
**ERISA Section 515 Claim of Health Fund Against Metra**
**(Vacation Contributions)**

      31.   Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-30.

      32.   Metra has failed and refused to file reports and remit the required wage

deductions due and owing  to the Health Fund for hours worked by Metra's employees for the

months of September 2018 through January 2019, and owes wage deductions in the amount of

$2,652.50, liquidated damages in the amount of $530.50, and interest owed through March 13,

2019 in the amount of $116.77 for those months.

      33.   In addition, Metra owes liquidated damages and interest from months

prior to September 2018 that have not been paid.

      34.   Based on the failure of Metra to remit the required wage deductions in a

timely manner for prior months, the Health Fund believes that Metra will continue to fail to remit

the required wage deductions in a timely manner for future months.

     WHEREFORE, the Health Fund prays:

        a.      That this Court order Metra to make all of its wage and business records available to the Health Fund's auditors to determine the exact amount owed for September 2018 through January 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

        b.      That judgment be entered against Metra in the amount of $2,652.50 in diverted wage deductions for the months of September 2018 through January 2019, liquidated damages in the amount of $530.50 for those months, and interest owed through March 13, 2019 in the amount of $116.77 for those months;

        c.      That judgment be entered against Metra in the amount of $366.00 in liquidated damages and $112.01 in interest through December 18, 2018 on late-remitted wage deductions for the months June through August 2018;

        d.      That judgment be entered against Metra in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such wage deductions;

        e.      That the Health Fund be afforded post-judgment interest, reasonable attorneys' fees, and its costs;

        f.      That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

        g.      That such other relief be granted as this Court deems just and proper.

6838376.2 97097/105095 03/15/2019

## Count Five
## ERISA Section 515 Claim of Training Fund Against Metra

35.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-34.

36.     Metra has failed and refused to file reports and to pay the required employee fringe benefit contributions due and owing to the Training Fund for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes contributions in the amount of $1,591.50, liquidated damages in the amount of $318.30, and interest owed through March 13, 2019 in the amount of $70.06 for those months.

37.     In addition, Metra owes liquidated damages and interest from months prior to September 2018 that have not been paid.

38.     Based on the failure of Metra to pay employee fringe benefit contributions in a timely manner for the prior months, the Training Fund believes that Metra will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Training Fund prays:

a.     That this Court order Metra to make all of its wage and business records available to the Training Fund's auditors to determine the exact amount owed for September 2018 through January 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Metra in the amount of $1,827.01 in unpaid contributions for the months of September 2018 through January 2019, liquidated damages in the amount of $365.40 for those months, and interest owed through December 6, 2018 in the amount of $73.83 for those months;

- 15 -

c.     That judgment be entered against Metra in the amount of $219.60 in liquidated damages and $67.21 in interest through December 18, 2018 on late-paid contributions for the months June through August 2018

d.     That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

e.     That the Training Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f.     That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

g.     That such other relief be granted as this Court deems just and proper.

**Count Six**
**Union's Claim Against Metra for Breach of CBA (Union Dues)**

39.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-38.

40.     Metra has failed and refused to file reports and remit the required wage deductions due and owing to the Union for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes wage deductions for Union dues in the amount of $1,421.74 and interest owed through March 13, 2019 in the amount of $62.59 for those months.

41.     In addition, Metra owes interest from months prior to September 2018 that has not been paid.

- 16 -

42.     Based on the failure of Metra to remit the required wage deductions in a timely manner for prior months, the Union believes that Metra will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Union prays:

a.      That this Court order Metra to make all of its wage and business records available to the Union's auditors to determine the exact amount owed for September 2018 through January 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Metra in the amount of $1,421.74 in diverted wage deductions for the months of September 2018 through January 2019 and interest owed through March 13, 2019 in the amount of $62.59 for those months;

c.      That judgment be entered against Metra in the amount of $60.04 in interest through December 18, 2018 on late-remitted wage deductions for the months June through August 2018;

d.      That judgment be entered against Metra in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

e.      That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f.      That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

g.      That such other relief be granted as this Court deems just and proper.

6838376.2 97097/105095 03/15/2019

## Count Seven
### Union's Claim Against Metra for Breach of CBA (Target Contributions)

43.     Plaintiffs hereby incorporate each and every allegation set forth in

paragraphs 1-42.

44.     Metra has failed and refused to file reports and remit the required wage

deductions due and owing to the Union for hours worked by Metra's employees for the months

of September 2018 through January 2019, and owes wage deductions for Target contributions in

the amount of $1,167.10, liquidated damages in the amount of $233.42, and interest owed

through March 13, 2019 in the amount of $51.38 for those months.

45.     In addition, Metra owes liquidated damages and interest from months

prior to September 2018 that have not been paid.

46.     Based on the failure of Metra to remit the required wage deductions in a

timely manner for prior months, the Union believes that Metra will continue to fail to remit the

required wage deductions in a timely manner for future months.

WHEREFORE, the Union prays:

a.     That this Court order Metra to make all of its wage and business

records available to the Union's auditors to determine the exact amount owed for September

2018 through January 2019, and any periods subsequent to the filing of this complaint and prior

to the entry of judgment;

b.     That judgment be entered against Metra in the amount of $1,339.81

in diverted wage deductions for the months of September 2018 through January 2019, liquidated

damages in the amount of $267.96 for those months, and interest owed through December 6,

2018 in the amount of $54.14 for those months;

c.    That judgment be entered against Metra in the amount of $161.04 in liquidated damages and $49.28 in interest through December 18, 2018 on late-remitted wage deductions for the months June through August 2018;

d.    That judgment be entered against Metra in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such wage deductions;

e.    That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f.    That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

g.    That such other relief be granted as this Court deems just and proper.

## Count Eight
## Council's Claim Against Metra for Breach of CBA

47.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-46.

48.    Metra has failed and refused to file reports and remit the required wage deductions due and owing to the Council for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes wage deductions in the amount of $84.88 and interest owed through March 13, 2019 in the amount of $3.74 for those months.

49.    In addition, Metra owes interest from months prior to September 2018 that has not been paid.

50.     Based on the failure of Metra to remit the required wage deductions in a timely manner for prior months, the Council believes that Metra will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Council prays:

a.     That this Court order Metra to make all of its wage and business records available to the Council's auditors to determine the exact amount owed for September 2018 through January 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Metra in the amount of $84.88 in diverted wage deductions for the months of September 2018 through January 2019 and interest owed through March 13, 2019 in the amount of $3.74 for those months;

c.     That judgment be entered against Metra in the amount of $3.58 in interest through December 18, 2018 on late-remitted wage deductions for the months June through August 2018;

d.     That judgment be entered against Metra in the amount of all diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

e.     That the Council be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f.     That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

g.     That such other relief be granted as this Court deems just and proper.

6838376.2 97097/105095 03/15/2019

**Count Nine**
**CIAP's Claim Against Metra for Breach of CBA**

51.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-50.

52.     Metra has failed and refused to file reports and pay the required contributions due and owing to the CIAP for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes contributions in the amount of $254.64 and interest owed through March 13, 2019 in the amount of $11.21 for those months.

53.     In addition, Metra owes interest from months prior to September 2018 that has not been paid.

54.     Based on the failure of Metra to pay the required contributions in a timely manner for prior months, the CIAP believes that Metra will continue to fail to pay the required contributions in a timely manner for future months.

WHEREFORE, the CIAP prays:

a.     That this Court order Metra to make all of its wage and business records available to the CIAP's auditors to determine the exact amount owed for September 2018 through January 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Metra in the amount of $254.64 in unpaid contributions for the months of September 2018 through January 2019 and interest owed through March 13, 2019 in the amount of $11.21 for those months;

c.     That judgment be entered against Metra in the amount of $10.75 in interest through December 18, 2018 on late-paid contributions for the months June through August 2018;

d.     That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum;

e.     That the CIAP be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f.     That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of required contributions in the future; and

g.     That such other relief be granted as this Court deems just and proper.

### Count Ten
### ERISA Breach of Fiduciary Duty Claim of Health Fund, Pension Fund, Annuity Fund, and Training Fund Against President

55.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-54.

56.     Under President's direction and control, Metra has failed and refused to file reports and pay the required employee fringe benefit contributions and remit the required wage deductions due and owing to the Health Fund, Pension Fund, Annuity Fund, and Training Fund (collectively, the "Benefit Funds") for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes contributions and wage deductions in the amount of $30,026.30 and interest owed through March 13, 2019 for those months, and interest owed through December 18, 2018 for months prior to September 2018, in the amount of $2,589.80.

57.     Based on the failure of Metra to pay employee fringe benefit contributions and remit the required wage deductions in a timely manner for prior months, the Benefit Funds believe that Metra, under the President's direction and control, will continue to fail to pay

employee fringe benefit contributions and remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Benefit Funds pray:

a. That judgment be entered against President in the amount of $30,026.30 in unpaid employee fringe benefit contributions and diverted wage deductions for the months of September 2018 through January 2019 and interest owed through March 23, 2019 for those months, and interest owed through December 18, 2018 for months prior to September 2018, in the amount of $2,589.80;

b. That judgment be entered against President in the amount of all unpaid employer fringe benefit contributions and diverted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest;

c. That the Benefit Funds be afforded post-judgment interest, reasonable attorneys' fees and its costs; and

d. That such other relief be granted as this Court deems just and proper.

### Count Eleven
### MWPCL Claim Against Metra and President (Union Dues)

58. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-57.

59. Metra has failed and refused to file reports and remit the required wage deductions due for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes wage deductions for Union dues in the amount of $1,421.74.

WHEREFORE, the Union prays on behalf of its members:

- 23 -

a.    That judgment be entered against Metra in an amount equal to $4,265.22 (three times $1,421.74) for diverted wage deductions for the months of September 2018 through January 2019;

b.    That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

c.    That judgment be entered against President as described in subparagraphs a and b of this Count; and

d.    That such other relief be granted as this Court deems just and proper.

**Count Twelve**
**MWPCL Claim Against Metra and President (Target Contributions)**

60.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-59.

61.    Metra has failed and refused to file reports and remit the required wage deductions due for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes wage deductions for Target contributions in the amount of $1,167.10.

WHEREFORE, the Union prays on behalf of its members:

a.    That judgment be entered against Metra in an amount equal to $3,501.30 (three times $1,167.10) for diverted wage deductions for the months of September 2018 through January 2019;

b.    That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

c.    That judgment be entered against President as described in subparagraphs a and b of this Count; and

- 24 -

d.      That such other relief be granted as this Court deems just and proper.

**Count Thirteen**
**MWPCL Claim Against Metra and President (Contributions to Council)**

62.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-61.

63.      Metra has failed and refused to file reports and remit the required wage deductions due for hours worked by Metra's employees for the months of September 2018 through January 2019, and owes wage deductions for contributions to the Council in the amount of $84.88.

WHEREFORE, the Council prays on behalf of its members:

a.      That judgment be entered against Metra in an amount equal to $254.64 (three times $84.88) for diverted wage deductions for the months of September 2018 through January 2019;

b.      That the Council be afforded post-judgment interest, reasonable attorneys' fees and its costs on behalf of its members;

c.      That judgment be entered against President as described in subparagraphs a and b of this Count; and

d.      That such other relief be granted as this Court deems just and proper.

Date:  March 15, 2019

*/s/ Robert A. Gaumont*
Robert A. Gaumont (Fed Bar. No. 26302)
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland 21202
Tel: 410-576-4007
Fax: 410-576-4269
rgaumont@gfrlaw.com

*Attorney for Plaintiffs*

- 25 -